IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-486-BO

| | |
|---|---|
| PAMELA MELVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TRACY NAYLOR and GUARDIAN HART ) | |
| MEDICAL CARE, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on plaintiff's motion for reconsideration (D.E. 12) of the court's 6 February 2015 Order (D.E. 11) denying as premature her ex parte motion (D.E. 9) for the issuance of subpoenas to defendants Tracy Naylor and Guardian Hart Medical Care, and, in the alternative, for permission to file an interlocutory appeal to the Fourth Circuit. The motion will be denied in its entirety.

As noted in the 6 February 2015 Order, there is no indication that either defendant has yet been served with plaintiff's complaint or otherwise appeared in this action. Pursuant to Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). None of the exceptions apply in this case. While plaintiff has identified legal authority which may entitle her to production of the information she seeks, she still has not established a credible basis for expedited production of the information outside of the normal course of the

discovery process and before defendants have even appeared in this action. Accordingly, the portion of her motion seeking reconsideration is DENIED.

As to the alternative request for relief, "[a] district court may certify for appeal an order not otherwise appealable should the court find that there is a controlling issue of law on which there is a difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation." *Webb v. Driver,* 507 Fed. Appx. 284, 285-86 (4th Cir. 24 Jan. 2013) (citing 28 U.S.C. § 1292(b)). "The procedural requirements for granting interlocutory appeal 'are to be strictly construed and applied.'" *In re Cofield,* No. 4:14–CV–00086–FL, 2014 WL 6686628, at *3 (E.D.N.C. 24 Nov. 2014) (quoting *N.C. ex rel. Howes v. W.R. Peele, Sr. Trust,* 889 F. Supp. 849, 852 (E.D.N.C. 1995)). Here, the issue raised in plaintiff's motion for issuance of subpoenas does not raise a controlling question of law over which there is substantial ground for difference of opinion, nor would an immediate appeal materially advance the litigation. Accordingly, the portion of plaintiff's motion seeking leave to file an interlocutory appeal is DENIED. Plaintiff's motion is accordingly DENIED in its entirety.

SO ORDERED, this the 4th day of March 2015.

James E. Gates
United States Magistrate Judge