IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-486-BO

| | | |
|---|---|---|
| PAMELA MELVIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| v. | ) | |
| | ) | |
| TRACY NAYLOR and GUARDIAN HART | ) | |
| MEDICAL CARE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's appeal of U.S. Magistrate Judge decision, motion for issuance of subpoena to Labcorp, and motion to issue subpoenas to the Social Security Administration.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action alleging that defendant Naylor, a nurse practitioner employed by Guardian Hart Medical Care, wrote a fraudulent medical record which, in violation of 42 U.S.C. § 1981, caused plaintiff to be denied medical treatment. Plaintiff seeks damages in excess of $1,000,000. Subsequent to filing her complaint but prior to an appearance by defendants, plaintiff seeks to have subpoenas issued to defendants as well as the Commissioner of the Social Security Administration and LabCorp. United States Magistrate Judge James E. Gates denied plaintiff's first ex parte motion for issuance of subpoenas to defendants as premature, and denied her motion for reconsideration of that order and request to

file an interlocutory appeal to the court of appeals. Plaintiff then appealed Judge Gates' orders to the undersigned district judge.

## DISCUSSION

Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. *See also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

The Court finds no part of Judge Gates' orders to be clearly erroneous or contrary to law. In point of fact, it is for the same reasons discussed in Judge Gates' orders that the Court denies plaintiff's motions for issuance of subpoenas to the Commissioner of Social Security and LabCorp. Rule 26 of the Federal Rules of Civil Procedure provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . .." Fed. R. Civ. P. 26(d). The docket in this matter does not reflect that service has been effected on defendants or that any Rule 26 conference has occurred. Accordingly, plaintiff's pending motions are appropriately denied as premature.

## CONCLUSION

For the foregoing reasons, the order of United States Magistrate Judge Gates at docket entries 11 and 14 are AFFIRMED. Plaintiff's motions for issuance of subpoenas [DE 13 & 16] are DENIED. As the docket does not reflect that service has been effected on defendants and

more than 120 days have passed since the filing of the complaint, the clerk is DIRECTED to provide notice to plaintiff under Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED, this __4__ day of May, 2015.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE