IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-486-BO

PAMELA MELVIN )
 )
                 Plaintiff, )
 ) **O R D E R**
v. )
 )
TRACY NAYLOR and GUARDIAN HART )
MEDICAL CARE, )
 )
                Defendants. )

This cause comes before the Court on plaintiff's motion to re-issue summons, motion to stay, and motion for reconsideration. The Court further considers plaintiff's response to notice by the Clerk of Court of failure to make service within 120 days of filing the complaint.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action alleging that defendant Naylor, a nurse practitioner employed by Guardian Hart Medical Care, wrote a fraudulent medical record which, in violation of 42 U.S.C. § 1981, caused plaintiff to be denied medical treatment. Plaintiff seeks damages in excess of $1,000,000. Subsequent to filing her complaint but prior to an appearance by defendants, plaintiff sought to have subpoenas issued to defendants as well as the Commissioner of the Social Security Administration and LabCorp. United States Magistrate Judge James E. Gates denied plaintiff's first ex parte motion for issuance of subpoenas to defendants as premature, and denied her motion for reconsideration of that order and request to file an interlocutory appeal to the court of appeals. This Court then affirmed Judge Gates' orders

and denied plaintiff's additional motions for issuance of subpoenas. The Court further directed the Clerk of Court to notify plaintiff regarding failure to make service within the time provided by Rule 4 of the Federal Rules of Civil Procedure.

## DISCUSSION

"If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff's complaint in this matter was filed on August 28, 2014. The docket does not reflect that service has been effected on either defendant. The Clerk of Court notified plaintiff on May 5, 2015, that the record does not reflect that service has been obtained and that failure to demonstrate good cause for failure to make service within the time allowed will result in dismissal of defendants without prejudice. [DE 18].

Plaintiff has responded to the Clerk's notice, stating that service has not been made on defendants because 1) Rule 4(m) allows the Court to extend the time for service for good cause and plaintiff timely filed motions for the Court to re-issue the summons; 2) plaintiff has demonstrated that she is seriously ill, in need of medical treatment, and unable to receive such treatment; 3) the Court has not issued an order explicitly directing plaintiff to serve defendants with process and litigate this action while she is ill; 4) plaintiff requested that the Court issue subpoenas for the purpose of obtaining medical treatment ; and 5) plaintiff needs medical treatment in order to litigate a civil action.

While the Court is not unsympathetic to the fact that plaintiff is experiencing health problems, this does not excuse plaintiff from complying with the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff filed her complaint on August 28, 2014, and

2

to do date no proof of service has been filed. The re-issuance of summons does not extend the time to obtain service under Rule 4, and no extension of the time period in which to make service has before been sought or allowed in this case.

In light of plaintiff's circumstances and her status as a pro se litigant, the Court finds that good cause exists to allow plaintiff to and including June 19, 2015, to obtain service on defendants in this matter. Failure to obtain service and file proof of the same within the time allowed will result in dismissal of this action. Plaintiff's motion to re-issue summons is denied.

Plaintiff's motion for reconsideration of the Court's May 15, 2015, order is denied. As stated previously, a party generally may not seek discovery from any source prior to conducting a Rule 26(f) meeting. Fed. R. Civ. P. 26(d). None of the exceptions to this rule apply in this case, and plaintiff's request to issue subpoenas is premature.

Finally, plaintiff has failed to demonstrate good cause to stay this action. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Furthermore, the Court has a duty to construe the civil rules of procedure in such a way so as to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court finds no basis upon which to grant a stay of this action which has been pending without progress for nine months.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to re-issue summons [DE 19], motion for reconsideration [DE 21], and motion to stay [DE 20] are DENIED. The time within which plaintiff must obtain service on defendants pursuant to the Rule 4 of the Federal Rules of Civil

Procedure is hereby extended to June 19, 2015. Failure to effect service and file proof of the same within the time allowed will result in dismissal of this action.

SO ORDERED, this 29 day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE