IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-486-BO

| | | |
|---|---|---|
| PAMELA MELVIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| TRACY NAYLOR and GUARDIAN HART | ) | |
| MEDICAL CARE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on defendants' motion to dismiss and plaintiff's motions for sanctions, for default judgment, and to amend the complaint. For the following reasons, defendants' motion is granted and plaintiff's motions are denied.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed her complaint on August 28, 2014, alleging that defendant Naylor, a nurse practitioner employed by Guardian Hart Medical Care, conducted inadequate examinations, wrote fraudulent medical records, and ultimately caused plaintiff to be denied treatment in violation of 42 U.S.C. § 1981. Plaintiff seeks damages in excess of $1,000,000. After filing her complaint but prior to defendants' appearance, plaintiff filed an ex parte motion for issuance of subpoenas to defendants, the Social Security Administration Commissioner and LabCorp. Magistrate Judge Gates denied plaintiff's motion as premature and denied plaintiff's motion for reconsideration and request to file an interlocutory appeal to the Fourth Circuit Court of Appeals. On May 5, 2015, this Court affirmed Magistrate Judge Gates's orders. This Court then directed the Clerk to provide notice to plaintiff that she had failed to

make service within the time limits provided by Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff then filed a motion to re-issue summons, motion to stay, and motion for reconsideration. In an order dated May 29, 2015, the Court denied plaintiff's motions but extended the time within which plaintiff was to obtain service on defendants to June 19, 2015. The Court further notified plaintiff that "[f]ailure to effect service and file proof of the same within the time allowed will result in dismissal of this action." [DE 23]. Ten days later, plaintiff filed two motions: one requesting that the Court re-issue the summonses and another requesting appointment of counsel. The Court denied plaintiff's motion for counsel, but granted the motion to re-issue the summons and extended the time for effecting service to July 8, 2015. The Court again notified plaintiff that failure to effect service and file proof of the same would result in dismissal.

On July 10, 2015, plaintiff filed declarations stating that she mailed a copy of the summons and complaint to both Guardian Hart Medical Care and Tracy Naylor. Plaintiff's first declaration states that she mailed the documents, return receipt requested, to Guardian Hart at 1074 Southern Avenue, Fayetteville NC 28306, and that an electronic signature of Ginger Phelps evidenced delivery. [DE 28]. Plaintiff's first declaration also states that she mailed the documents, return receipt requested, to Kathy Reed, as evidenced by a United States Post Office receipt of payment. [Id.]. Plaintiff's second declaration states that she mailed the documents, return receipt requested, to defendant Naylor, as evidenced by a return receipt requested green card signed by Ginger Phelps. [DE 29].

Defendants filed a motion to dismiss arguing that defendants were not properly served, and in the alternative, plaintiff's complaint fails to state a claim against either defendant. Plaintiff

2

has filed a motion for sanctions, a motion for default judgment, and a motion to amend the complaint, all of which are ripe for ruling.

## DISCUSSION

*Personal Jurisdiction and Service of Process*

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) (citation omitted). Rules 12(b)(2)(4) and (5) of the Federal Rules of Civil Procedure provide for a motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, an individual may be served either by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district or located or where service is made," by "delivering a copy of the summons and of the complaint to the individual personally," leaving a copy at the person's dwelling with a resident of "suitable age and discretion," or by delivering a copy to an authorized agent. Fed. R. Civ. P 4(e)(1). North Carolina law provides, in pertinent part, that an individual can be served by mailing a copy of the documents registered or certified mail, return receipt requested, or by signature confirmation as provided by the United States Postal Service addressed to the party to be served and delivering to same. N.C. R. Civ. P. 4(j)(1).

Here, plaintiff did not serve Naylor by any of the methods permitted by Rule 4 of the Federal and North Carolina Rules of Civil Procedure. Naylor was not personally served with the summons and complaint nor were copies delivered to her dwelling house or place of abode. *See* DE 34–1, 34–2] (stating that 1074 Southern Avenue, Fayetteville NC, is not Naylor's dwelling house or place of abode). A copy was not delivered to an agent authorized to accept service on

3

Case 5:14-cv-00486-BO   Document 62   Filed 11/13/15   Page 3 of 8

Naylor's behalf. [*See id.*]. Finally, a copy of the documents was not delivered to Naylor by registered or certified mail, return receipt requested, or by signature confirmation.

Plaintiff appears to have attempted service by certified mail, return receipt requested, but the documents submitted do not demonstrate that the summons and complaint were in fact delivered to Naylor. Instead, a Ginger Phelps signed for the documents, but there is no indication that Phelps is authorized to accept service for Naylor. Accordingly, defendant Naylor was not personally served or served in compliance with Rule 4 of the Federal or North Carolina Rules of Civil Procedure, thus plaintiff's complaint against Naylor will be dismissed.

Rule 4(h) of the Federal Rules of Civil Procedure provides for service on a corporation, partnership, or association. A corporation within a judicial district of the United States may be served pursuant to Rule 4(e)(1)'s method for serving an individual or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

Here, the summons and complaint were delivered to 1074 Southern Avenue, Fayetteville NC, return receipt requested. Ginger Phelps, an employee at the pharmacy next to Guardian Hart Medical Care signed for receipt of the documents. As evidenced by the face of the return receipt and confirmed by the declarations of Naylor and Jonna Squires, Phelps is not an agent of defendants. [DE 29, 34–1, 34–2]. Ms. Phelps is not a registered agent, officer, or director, nor does she appear to be in charge of the office of one of those persons. Instead, she is an employee of another company entirely. As such, Guardian Hart Medical Care was not properly served in

compliance with Rule 4 of the Federal Rules of Civil Procedure, thus plaintiff's complaint against Guardian Hart Medical Care will be dismissed.[1]

*Failure to State a Claim*

Even if the Court were to determine that defendants were properly served, plaintiff's complaint fails to state a claim under which relief can be granted as to either defendant. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Plaintiff argues that defendants violated her constitutional and civil rights under 42 U.S.C. § 1981. "Section 1981 guarantees all persons in the United States 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Spriggs v. Diamond Auto. Glass*, 165 F.3d 1015, 1017 (4th Cir. 1999) (*quoting* 42 U.S.C. § 1981(a)). "Section 1981 can be violated only by purposeful discrimination, and must be founded on purposeful, racially

---

[1] The Court also notes that plaintiff has failed to show good cause for her delay. Indeed, she was given numerous extensions of time within which to properly serve defendants, to no avail.

5

discriminatory actions." *Hawthorne v. Virginia State Univ.*, 568 F. App'x 203, 204 (4th Cir. 2014) (internal citations and quotations omitted). Therefore, plaintiff "must ultimately establish that [defendants] . . . intended to discriminate . . . and that the discrimination interfered with a contractual interest or legitimate property right." *Sewraz v. First Liberty Ins. Corp.*, No. 3:10-CV-120, 2012 WL 12438, *6 (E.D. Va. Jan 3, 2013).

Plaintiff's mere statement that Naylor noticed that plaintiff "is a Black female," and that Naylor's conduct was lacking because plaintiff "is a Black female," is conclusory and does not demonstrate or even allege that there was an intent to discriminate. Moreover, plaintiff's complaint contains no allegations regarding interference with a contractual interest or property right. Accordingly, plaintiff entirely fails to state a claim against either defendant, and the Court would dismiss the complaint pursuant to Rule 12(b)(6) in the event that it had determined plaintiff properly served defendants.

*Plaintiff's Motions*

Plaintiff has filed a motion to amend her complaint to remove her § 1981 claims and add causes of action under Section 504 of the Rehabilitation Act of 1973, Title III of the Americans with Disabilities Act (ADA), the Federal Health Information Portability Accountability Act (HIPAA), and state law claims for breach of contract, tortious breach of contract, breach of statutory and common law duties of confidentiality and privacy, intentional infliction of emotional distress, and obstruction of justice, as well as punitive damages.

Title III of the ADA prohibits discrimination in places of public accommodation, including doctors' offices, 42 U.S.C. § 12182, while Section 504 of the Rehabilitation Act precludes federal grantees from denying benefits to or discriminating against a qualified individual because of her disability. 29 U.S.C. § 794(a). Despite their different language, both

statutes require a plaintiff to demonstrate the same elements to establish liability. *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2012). To prove a violation of either Act, a plaintiff must establish that she has a disability, that she is otherwise qualified for the benefit in question, and that she was excluded on the basis of her disability. *Id.*; *see also Doe v. Univ. of Maryland Med. Syst. Corp.*, 50 F.3d 1261, 1265 (D. Md. 1995). The statutes differ only with respect to causation. *See Halpern*, 669 F.3d at 461. "To succeed on a claim under the Rehabilitation Act, the plaintiff must establish that [s]he was excluded 'solely by reason of [her] disability; the ADA requires only that the disability was 'a motivating cause' of the exclusion." *Id.* at 461–62 (quoting *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468–69 (4th Cir. 1999)). Here, even taking the allegations in the complaint in the light most favorable to plaintiff, plaintiff has not pled sufficient facts to demonstrate that plaintiff's alleged disability—rheumatoid arthritis—was either a motivating reason or the sole reason that she was denied a referral to a rheumatologist. In fact, plaintiff fails to connect the denial of a referral to her alleged disability whatsoever. Accordingly, her complaint fails to state a claim for relief as to either Title III or Section 504.

As for plaintiff's HIPAA claim, a private right of action does not exist based upon HIPAA violations. *See, e.g., Acosta v. Hilton Worldwide*, 4:15-CV-495, 2015 WL 5231730, *6 (D.S.C. Sept. 8, 2015); *Segen v. Buchanan General Hosp., Inc.*, 552 F. Supp. 2d 579, 584 (W.D. Va. 2007); *Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 275 F. Supp. 2d 767, 775 (E.D. Va. 2003). Accordingly, plaintiff's proposed amended complaint also fails to state claim under HIPAA.

The only remaining claims in plaintiff's amended complaint would be those raised under North Carolina law. As the proposed amended complaint would not state a claim over which the

7

Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[i]n the usual case in which all federal-law claims are eliminated before trial the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Walsh v. Mitchell*, 427 F. App'x 282, 283 (4th Cir. 2011) (per curiam) (unpublished). Accordingly, plaintiff's motion to amend the complaint is denied.

The Court also notes that plaintiff has filed a motion for sanctions on defendants. This motion discusses an alleged scheme to defraud the Court which the Court finds entirely meritless. As plaintiff's motion neither addresses the specific legal standard for awarding sanctions nor cites any authority in support of plaintiff's position, the motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 34] is GRANTED. Plaintiff's motion to amend the complaint [DE 56] and motion for sanctions [DE 43] are DENIED. As plaintiff's complaint has been dismissed, the pending motions remaining on the docket [DE 47, 55] are moot and are DENIED AS MOOT. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the case.

SO ORDERED, this 12 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE